IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON MATTHEY PLC, JOHNSON MATTHEY, INC., JOHN DAVID MCKELVIE, and PAUL CARD GREAVES,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION TO QUASH SERVICE OF SUMMONS<br><br><br>Case No: 2:06-CR-169 DB<br><br>District Judge Dee Benson<br><br>Magistrate Judge David Nuffer |

This matter was referred to Magistrate Judge David Nuffer by District Judge Dee Benson pursuant to 28 U.S.C. § 636 (b)(1)(A).[1]  Before the court is the Second Motion to Quash Service of Summons on Indictment by Defendant Johnson Matthey Plc (JM Plc).[2]

Defendant John Matthey, Inc. (JM Inc) is a wholly-owned subsidiary of Johnson Matthey Holdings, Inc. whose parent company is Defendant JM Plc.[3]  JM Plc is incorporated under the law of England and Wales and with its principal place of business in London, England.[4]  JM Plc asserts that the attempted service of summons upon it  for a second time was inadequate under Rule 4 of the Federal Rules of Criminal Procedure.

---

[1] Order Referring Case, docket no. 67.

[2] Second Motion to Quash Service Of Summons on Indictment, docket no. 92.

[3] Affidavit by David Firn, ¶ 3, docket no. 62; *see also* Memorandum in Opposition, Attachment 3 at 5,  docket no. 64.

[4] *Id*. ¶ 4.

Rule 4 of the Federal Rules of Criminal Procedure provides that:

> A summons is served on an organization by delivering a copy to an officer, to a managing or general agent, or to another agent appointed or legally authorized to receive service of process.  A copy must also be mailed to the organization's last known address within the district or to its principal place of business elsewhere in the United States.[5]

Thus, Rule 4 has two requirements: First, that a summons be properly served on an officer or agent; and second, that a copy be mailed to the organization's last known address within the district or to its principal place of business in the United States.

### First Motion to Quash

Initially, JM Plc moved to quash service of summons, asserting that the government failed to satisfy either of Rule 4's requirements.[6]  The government claimed that it properly served Defendant McKelvie in his role as either an officer or managing agent for JM Plc.[7]  But at the time McKelvie was served, he had no authority to act on behalf of JM Inc or the parent company, JM Plc.[8]  The government also claimed that it properly served Grant Angwin as a managing agent for JM Plc.[9]  But there was no evidence that Angwin is an agent for the parent company JM Plc.[10]  Finally, the government asserted that it complied with the second part of Rule 4 by (a) mailing a

---

[5]Fed. R. Crim. P. 4(c)(3)(C).

[6]Memorandum in Support of Motion at 2, docket no. 61.

[7]Memorandum in Opposition at 6-10.

[8]Memorandum Decision and Order at 2, docket no. 69.

[9]Memorandum in Opposition at 11-12.

[10]Memorandum Decision and Order at 3.

copy of the summons to the last known address of JM Plc within the district which is the Salt

Lake Refinery or (b) by mailing a copy to the Defendant's  principal place of business in the

United States which is either the Salt Lake refinery run by JM Inc. and or the office of JM Inc. in

Wayne, Pennsylvania.[11]  However, because JM Inc. is a wholly-owned subsidiary of parent

company JM Plc[12] and service upon a subsidiary is not sufficient service on the parent company,[13]

the court held that the government "failed to properly serve Defendant JM Plc in this criminal

case under either requirement of Rule 4."[14] Therefore, the service of summons  was quashed.

## Stipulation

Following that ruling, the parties entered into a stipulation, agreeing that JM Plc's

attorney would receive service in order to satisfy the first requirement of Rule 4.[15]  JM Plc made

clear in the Stipulation that there was no waiver of any rights to complain that the government

had not complied  with the second part of Rule 4.[16]

---

[11]Memorandum Decision and Order at 3.

[12]Affidavit by David Firn, ¶ 3; Memorandum in Opposition, Attachment 3 at 5.

[13]*See Benton v. Cameco Corp.,* 375 F.3d 1070, 1081 (10th Cir. 2004) ("'[A] holding or parent company has a separate corporate existence and is treated separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity.'" (quoting *Quarles v. Fuqua Indus., Inc.,* 504 F.2d 1358, 1362 (10th Cir. 1974); *Davies v. Jobs & Adverts Online, Gmbh*, 94 F.Supp.2d 719, 722-23 (E.D.Va. 2000) ("[S]ervice of process on a foreign defendant's wholly-owned subsidiary is not sufficient to effect service on the foreign parent so long as the parent and the subsidiary maintain separate corporate identities.").

[14]Memorandum Decision and Order at 3-4.

[15]Memorandum in Support of Second Motion at 1, docket no. 93-2.

[16]*Id.* at 2.

**Recent Attempted Service**

Since the Stipulation was filed, the government has served David Jordan, Esq., who is the agreed upon agent to receive service of process on behalf of JM Plc.[17]  Thus, the first requirement of Rule 4 is satisfied.[18]

JM Plc asserts that the service of summons should be quashed, because the government has not effectively complied  with the second requirement of Rule 4.[19]  The government has made attempts, sending process by Federal Express to Johnson Matthey's Salt Lake Refinery, Johnson Matthey, Inc. in Wayne, PA, and to JM Plc's legal department in London.[20]

The government submits that these  efforts have given "Johnson Matthey PLC ample notice of the pendency of the Indictment, and are sufficient to comply with the mailing requirement."[21]  But the mailing requirement of Fed. R. Crim.P. 4(c)(3)(C) is not that "ample notice" be given.[22]  The Rule requires that a copy of the summons be "mailed to the organization's last known address within the district or to its principal place of business elsewhere in the United States."[23]

---

[17]Memorandum in Opposition to Defendant's Second Motion at 2, docket no. 96.

[18]Fed. R. Crim. P. 4(c)(3)(C).

[19]Memorandum in Support of Second Motion at 3, docket no. 93.

[20]*Id.*

[21]Memorandum in Opposition to Defendant's Second Motion at 2.

[22]Fed. R. Crim. P. 4(c)(3)(C).

[23]*Id.*

### Service on Subsidiary

As stated in the earlier Order Granting Motion to Quash, "service upon the subsidiary is not sufficient service on the parent company."[24]  Service on Johnson Matthey, Inc. is not sufficient service in accordance with Rule 4,[25] even though it is a wholly-owned subsidiary of Johnson Matthey Holdings, Inc. whose parent company is the Defendant JM Plc which is the proper organization to be served.[26]

### Last Known Address in District or Principal Place of Business in the United States

While the government has served Johnson Matthey's Salt Lake Refinery; Johnson Matthey, Inc. in Wayne, PA; and to Johnson Matthey PLC's legal department in London, none of those locations qualify under the rule as "the organization's last known address within the district or to its principal place of business elsewhere in the United States."[27]   JM Plc has not been shown to be present in the District of Utah and does not now have, nor has it ever had, an address in the District, or a place of business within the United States.[28]

As JM Plc has suggested, the government must turn to an alternative means to properly serve Defendant JM Plc.  As suggested in the earlier Memorandum Decision and Order Granting Motion to Quash, an alternative means of service may be the Mutual Legal Assistance Treaty

---

[24]Memorandum Decision and Order at 3.

[25]Fed. R. Crim. P. 4(c)(3)(C).

[26]Memorandum Decision and Order at 1, *citing* Affidavit by David Firn, ¶ 3, docket no. 62.

[27]*Id.*

[28]
Reply Memorandum in Support of Second Motion at 3, docket no. 97.

(MLAT) between the United Kingdom and the United States.[29]  Accordingly, the recent service

of summons on this indictment is quashed.

### ORDER

IT IS HEREBY ORDERED that the Second Motion to Quash Service of Summon on

Indictment[30] is GRANTED and service of the summons is QUASHED.

IT IS FURTHER ORDERED that the status and scheduling conference originally set on

Thursday, September 6, 2007 at 9:00 a.m. shall instead be heard on Tuesday September 4, 2007,

at 9:30 a.m. in Room 477.

August 2, 2007.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge

---

[29]Memorandum Decision and Order at 1-2, *see also* Memorandum in Support of Motion at 5, docket no. 61.

[30]Docket no. 60.